RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1528-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

A.M.,

 Defendant-Appellant.
________________________________

 Submitted June 1, 2017 – Decided July 6, 2017

 Before Judges Manahan and Lisa.

 On appeal from Superior Court of New Jersey,
 Law Division, Ocean County, Indictment No. 07-
 10-1621.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Peter B. Meadow, Designated
 Counsel, on the brief).

 Joseph D. Coronato, Ocean County Prosecutor,
 attorney for respondent (Samuel Marzarella,
 Chief Appellate Attorney, on the brief).

PER CURIAM

 Defendant, A.M., appeals from the March 11, 2014 order denying

his petition for post-conviction relief (PCR) without conducting

an evidentiary hearing. Defendant is serving an aggregate sentence
of twenty-two years' imprisonment, fifteen years of which is

subject to an eighty-five percent parole disqualifier under the

No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. More

particularly, defendant was sentenced on two counts of first-

degree aggravated sexual assault, N.J.S.A. 2C:14-2a, to fifteen-

year NERA terms to be served concurrently; he was also sentenced

on one count of second-degree endangering the welfare of a child,

N.J.S.A. 2C:24-4a, to a consecutive term of seven years.

Additionally, defendant was sentenced to community supervision for

life under Megan's Law, and all appropriate penalties and

assessments were imposed.

 The convictions arose out of three sexual offenses defendant

committed against his granddaughter between 2000 and 2002. At the

time of the first offense, the victim was five years old. She was

six years old at the time of the second offense and seven years

old at the time of the third offense. At that time, defendant was

between seventy and seventy-two years old. The indictment was

returned in 2007. Defendant went to trial in 2009. After he was

convicted, he filed a direct appeal, and we affirmed his conviction

and sentence. State v. A.M., No. A-1190-09 (App. Div. Feb. 4,

2011).

 In his pro se PCR petition, defendant raised two arguments.

He first claimed that his trial counsel was deficient during the

 2 A-1528-14T1
voir dire process for not inquiring into potential bias of

prospective jurors, failing to exercise peremptory challenges to

remove jurors who were related to law enforcement officers, and

allowing a jury to be selected that was "full of females with

children, where the ratio was 3 to 1 females." In his second

argument, he contended his trial counsel was deficient for failing

to communicate a plea offer that could have resulted in a lower

sentence.

 Defendant obtained counsel, who filed a supplemental PCR

brief raising the following three issues:

 POINT I.

 MR. [M.] WAS DENIED HIS RIGHT TO REMAIN SILENT
 AND RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
 DUE TO TRIAL COUNSEL'S REMARKS DURING HER
 OPENING STATEMENT THAT MR. [M.] WOULD TESTIFY
 DURING THE TRIAL.

 POINT II.

 MR. [M.]'S TRIAL COUNSEL WAS INEFFECTIVE FOR
 FAILING TO OBJECT TO THE STATE'S REFERENCE TO
 IMPER[M]ISSIBLE EVIDENCE DURING THE STATE'S
 DIRECT EXAMINATION OF MS. [V.] AND ITS
 CLOSING.

 POINT III.

 TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO
 INVESTIGATE AND OFFER EVIDENCE OF C.V.'S BIAS
 AND MOTIVE DURING CROSS EXAMINATION AND THE
 DEFENSE'S CASE.

 3 A-1528-14T1
 Judge Robert A. Coogan heard oral argument on the PCR petition

on February 25, 2014. He reserved decision and issued a fifteen-

page written decision on March 11, 2014, together with an

accompanying order, denying defendant's petition.

 In his decision, the judge discussed at length his basis for

rejecting the three points raised by defendant's counsel. The

judge did not specifically address the two points raised by

defendant in his pro se petition nor were those points addressed

by counsel during the oral argument. Perhaps they were deemed

abandoned as having been superseded by the arguments raised in the

supplemental brief filed by defendant's counsel.

 On appeal, defendant now raises a single issue:

 THE POST-CONVICTION RELIEF COURT BELOW ERRED
 IN DENYING DEFENDANT'S PETITION WITHOUT THE
 BENEFIT OF AN EVIDENTIARY HEARING.

We are unpersuaded by defendant's argument, and we affirm.

 In Judge Coogan's written decision, he rejected the argument

that defendant was "forced" to testify because his attorney told

the jury in her opening statement that he would. To the extent

that defendant argued under this point that his Fifth Amendment

right against self-incrimination was violated, the judge concluded

that the claim was procedurally barred by Rule 3:22-4 because it

could have been raised on direct appeal. The trial record

contained colloquy between the trial judge and defendant regarding

 4 A-1528-14T1
his right to testify. During that colloquy, trial counsel advised

the court that defendant had stated all along that he wanted to

testify. In response to the judge's questions, defendant

acknowledged that it was his choice to testify, he understood that

he did not have to testify and would be entitled to an instruction

advising the jury that they could not draw an adverse inference

from his failure to testify, and he acknowledged that his decision

was made without coercion or force. The judge further found that

because it was allegedly because of defense counsel's conduct, not

that of the prosecutor or the court, that defendant now asserts

he was compelled to testify, there could be no Fifth Amendment

violation.

 Addressing the ineffective assistance claim, the judge

concluded that, applying the Strickland/Fritz1 test, defendant

could not prevail on either the deficiency or prejudice prong.

The judge concluded that counsel made a reasoned strategic

decision, and pursued an appropriate trial strategy in which

defendant would testify. It is noteworthy that in pretrial

proceedings, the trial court ruled that tape recorded

conversations in which defendant admitted to the misconduct and

1
 Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.
Ed. 2d 674 (1984); State v. Fritz, 105 N.J. 42 (1987).

 5 A-1528-14T1
his statement to the police in which he also admitted to it would

be admissible at trial. Accordingly, it was reasonable to develop

a trial strategy in which defendant would testify, deny the

incidents, and provide his explanation for any misunderstanding

he contended might have arisen from his prior statements that

would be in evidence.

 Thus, Judge Coogan, abiding by the principle that counsel

should be accorded a presumption of reasonable strategic decisions

and should not be second-guessed in hindsight, concluded that

counsel's decision did not constitute deficient conduct. Further,

in light of the strong evidence against defendant, which included

his own words admitting to the offenses, there was no reasonable

probability that the result would have been different had he not

testified.

 We further note that defendant did not submit an affidavit

or certification stating that he did not authorize his attorney

to tell the jurors he would testify, that he disagreed with that

strategy, that he would not have testified had his counsel not so

informed the jury, or the like. Under these circumstances, an

after-the-fact bald assertion that counsel's opening statement

constituted ineffective assistance could not establish a prima

facie case of ineffective assistance. State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

 6 A-1528-14T1
 Judge Coogan also concluded that the second point raised in

PCR counsel's brief was procedurally barred by Rule 3:22-5, which

provides that "[a] prior adjudication upon the merits of any ground

for relief is conclusive." On this point, defendant argued that

in providing fresh complaint testimony, the victim's mother

described prejudicial details that went beyond what is permitted

in such testimony. The trial court gave a curative instruction.

In summation, the prosecutor referred to the same impermissible

testimony. There was no objection and no further curative

instruction.

 Defendant raised this issue on direct appeal. We agreed that

the details of what the victim told her mother should not have

been permitted as part of the fresh complaint testimony. We

concluded, however, that any error was harmless. We further

concluded that the prosecutor's reference to that testimony in

summation was fleeting and did not have the probability of

affecting the outcome.

 On the third point raised in the brief filed by defendant's

PCR counsel, Judge Coogan noted that trial counsel did cross-

examine C.V. extensively regarding her potential bias, going as

far as the trial court would permit. Judge Coogan found that

neither prong of the Strickland/Fritz test was met on this point.

 7 A-1528-14T1
 Imbedded in defendant's argument on this point was his

contention that his trial counsel failed to investigate the claim

of bias by C.V. that he now claims should have been, but was not,

exposed at trial. However, he has failed to produce an affidavit

or certification by anyone with personal knowledge of what such

an investigation would have revealed. Therefore, under Cummings,

he could not make a prima facie showing on this point. See

Cummings, supra, 321 N.J. Super. at 170.

 Based upon our review of the record with respect to these

three points, we concur with Judge Coogan's findings, analysis,

and conclusions. None of these three arguments entitled defendant

to relief, nor did they establish a prima facie case that would

have entitled him to an evidentiary hearing.

 We address the two points defendant raised in his pro se PCR

petition because he has raised them in his appellate brief. These

points lack sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(2). We nevertheless make these brief

comments.

 In the first point, defendant contends that his attorney was

deficient during voir dire. First, he has not provided transcripts

of the voir dire, which makes appellate review impossible. Second,

he has not pointed to any specific instances of deficient conduct.

He relies on his unsubstantiated assertion that his attorney picked

 8 A-1528-14T1
a jury that he now claims, after-the-fact, was not likely to be

receptive to his case. These bald allegations provide no basis

for relief, nor do they establish a prima facie case that would

require an evidentiary hearing.

 In his second point, defendant contends that his trial counsel

failed to communicate a plea offer that could have resulted in a

lower sentence. This contention is also unsupported by an

affidavit or certification. Further, it is contradicted by

defendant's pro se PCR brief, in which he said his trial counsel

did approach him with several plea bargain offers, one for ten

years, another for eight years, and a third for seven years. He

contended that he was interested in the seven year offer, but his

counsel did not provide him sufficient information "on the penal

consequences of the plea bargain." These conflicting and

conclusory statements constitute nothing more than bald assertions

and lack sufficient facts contained in an affidavit or

certification to establish a prima facie case of deficient conduct.

 We affirm substantially for the reasons expressed by Judge

Coogan in his written decision of March 11, 2014, as supplemented

by our discussion of the two points defendant raised in his pro

se PCR petition.

 Affirmed.

 9 A-1528-14T1